FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  SEP 19 2018  ★

BROOKLYN OFFICE

Helen F. Dalton & Associates, P.C.
Helen F. Dalton (HFD 3231)
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JORGE ASTUDILLO, JULIO ASTUDILLO, LUIS
ASTUDILLO, and ARIEL VELA, individually and on behalf
of all others similarly situated,

                                        Plaintiffs,

        -against-

JOSEPH CORY HOLDINGS LLC d/b/a CORY 1ST
CHOICE HOME DELIVERY, JOSEPH CORY HOLDINGS,
LLC OF NEW YORK d/b/a CORY 1ST CHOICE HOME
DELIVERY, and BOB'S DISCOUNT FURNITURE, LLC
and PATRICK CORY, as an individual,

                                        Defendants.
-------------------------------------------------------------------X

CV 18-5262

CLASS
ACTION/COLLECTIVE
ACTION
COMPLAINT

FEUERSTEIN, J.

JURY TRIAL
DEMANDED

BROWN, M.J.

Plaintiffs, **JORGE ASTUDILLO, JULIO ASTUDILLO, LUIS ASTUDILLO, and ARIEL VELA,** individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, **JORGE ASTUDILLO, JULIO ASTUDILLO, LUIS ASTUDILLO, and ARIEL VELA,** through undersigned counsel, brings this action against **JOSEPH CORY HOLDINGS LLC d/b/a CORY 1ST CHOICE HOME DELIVERY, JOSEPH CORY HOLDINGS, LLC OF NEW YORK d/b/a CORY 1ST CHOICE HOME DELIVERY, and BOB'S DISCOUNT FURNITURE, LLC and PATRICK CORY,** as an individual (hereinafter referred to as "Defendants"), to recover damages

1

for egregious violations of federal and state overtime wage and minimum wage laws arising out of Plaintiffs' employment at BURGER HEAVEN, currently located at 20 East 49th Street, New York, New York 10017.

2. Plaintiff JORGE ASTUDILLO was employed by Defendants as a furniture deliveryman, while performing other miscellaneous tasks as directed.

3. Plaintiff JULIO ASTUDILLO was employed by Defendants as a furniture deliveryman, while performing other miscellaneous tasks as directed.

4. Plaintiff LUIS ASTUDILLO was employed by Defendants as a furniture deliveryman, while performing other miscellaneous tasks as directed.

5. Plaintiff ARIEL VELA was employed by Defendants as a furniture deliveryman, while performing other miscellaneous tasks as directed.

6. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00.  Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

8. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

9. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

11. Upon information and belief, Defendant, JOSEPH CORY HOLDINGS LLC d/b/a CORY 1ST CHOICE HOME DELIVERY, is a corporation organized under the laws

of Delaware with a principal executive office at 150 Meadowlands Parkway, Room 4, Secaucus, New Jersey 07094.

12. Upon information and belief, Defendant, JOSEPH CORY HOLDINGS LLC, maintains and operates a warehouse at 70 Marcus Avenue, Melville, New York 11747.

13. Upon information and belief, Defendant, JOSEPH CORY HOLDINGS LLC., is a corporation authorized to do business under the laws of New York.

14. Upon information and belief, Defendant PATRICK CORY owns and/or operates JOSEPH CORY HOLDINGS LLC.

15. Upon information and belief, Defendant PATRICK CORY manages JOSEPH CORY HOLDINGS LLC.

16. Upon information and belief, Defendant PATRICK CORY is the Chairman of the Board of JOSEPH CORY HOLDINGS LLC.

17. Upon information and belief, Defendant PATRICK CORY is the Chief Executive Officer of JOSEPH CORY HOLDINGS LLC.

18. Upon information and belief, Defendant PATRICK CORY is an agent of JOSEPH CORY HOLDINGS LLC.

19. Upon information and belief, Defendant PATRICK CORY has power over personnel decisions at JOSEPH CORY HOLDINGS LLC.

20. Upon information and belief, Defendant PATRICK CORY has power over payroll decisions at JOSEPH CORY HOLDINGS LLC.

21. Defendant PATRICK CORY has the power to hire and fire employees at JOSEPH CORY HOLDINGS LLC., establish and pay their wages, set their work schedule, and maintains their employment records.

22. Upon information and belief, Defendant, JOSEPH CORY HOLDINGS, LLC OF NEW YORK d/b/a CORY 1ST CHOICE HOME DELIVERY, is a corporation organized under the laws of Delaware with a principal executive office at 150 Meadowlands Parkway, Room 4, Secaucus, New Jersey 07094.

23. Upon information and belief, Defendant, JOSEPH CORY HOLDINGS LLC OF NEW YORK, maintains and operates a warehouse at 70 Marcus Avenue, Melville, New York 11747.

24. Upon information and belief, Defendant, JOSEPH CORY HOLDINGS, LLC OF NEW YORK, is a corporation authorized to do business under the laws of New York.

25. Upon information and belief, Defendant PATRICK CORY owns and/or operates JOSEPH CORY HOLDINGS, LLC OF NEW YORK

26. Upon information and belief, Defendant PATRICK CORY manages JOSEPH CORY HOLDINGS, LLC OF NEW YORK

27. Upon information and belief, Defendant PATRICK CORY is the Chairman of the Board of JOSEPH CORY HOLDINGS, LLC OF NEW YORK

28. Upon information and belief, Defendant PATRICK CORY is the Chief Executive Officer of JOSEPH CORY HOLDINGS, LLC OF NEW YORK

29. Upon information and belief, Defendant PATRICK CORY is an agent of JOSEPH CORY HOLDINGS, LLC OF NEW YORK

30. Upon information and belief, Defendant PATRICK CORY has power over personnel decisions at JOSEPH CORY HOLDINGS, LLC OF NEW YORK

31. Upon information and belief, Defendant PATRICK CORY has power over payroll decisions at JOSEPH CORY HOLDINGS, LLC OF NEW YORK

32. Defendant PATRICK CORY has the power to hire and fire employees at JOSEPH CORY HOLDINGS, LLC OF NEW YORK, establish and pay their wages, set their work schedule, and maintains their employment records.

33. During all relevant times herein, Defendant PATRICK CORY was Plaintiffs' employer within the meaning of the FLSA and NYLL.

34. Upon information and belief, Defendant, BOB'S DISCOUNT FURNITURE, LLC, is a corporation organized under the laws of Massachusetts with a principal executive office at 517 East 117th Street, Bronx, New York 10035.

35. Upon information and belief, Defendant, BOB'S DISCOUNT FURNITURE, LLC, is a corporation authorized to do business under the laws of New York.

36. Upon information and belief, JOSEPH CORY HOLDINGS LLC d/b/a CORY 1ST CHOICE HOME DELIVERY is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on

goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

37. Upon information and belief, JOSEPH CORY HOLDINGS, LLC OF NEW YORK d/b/a CORY 1ST CHOICE HOME DELIVERY is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

38. Upon information and belief, BOB'S DISCOUNT FURNITURE, LLC, is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

39. At all times relevant to this action, Defendants were and are enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

40. At all times relevant to this action, Defendants were Plaintiffs' employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6), and Defendants jointly employed Plaintiff.

41. Defendants JOSEPH CORY HOLDINGS, LLC OF NEW YORK and JOSEPH CORY HOLDINGS LLC maintained a warehouse at 70 Marcus Avenue, Melville, New York 11747 which stored BOB'S DISCOUNT FURNITURE, LLC vehicles to be used to deliver BOB'S DISCOUNT FURNITURE, LLC products by furniture deliverymen jointly employed by all Defendants.

## STATEMENT OF FACTS

42. Plaintiff JORGE ASTUDILLO was employed by Defendants from in or around 2010 until in or around March 2016.

5

43. Plaintiff JORGE ASTUDILLO was employed by Defendants as a furniture deliveryman, while performing other miscellaneous tasks, from in or around 2010 until in or around March 2016.

44. Plaintiff JORGE ASTUDILLO worked approximately seventy-five (75) hours or more per week for Defendants from in or around 2010 until in or around March 2016.

45. Plaintiff JORGE ASTUDILLO was paid by Defendants approximately $125.00 per day from in or around 2010 until in or around March 2016.

46. Defendants failed to pay Plaintiff JORGE ASTUDILLO the legally prescribed minimum wage for his hours worked from in or around 2010 until in or around March 2016, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

47. Although Plaintiff JORGE ASTUDILLO worked approximately seventy-five (75) or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

48. Plaintiff JULIO ASTUDILLO was employed by Defendants from in or around December 2012 until in or around December 2015.

49. Plaintiff JULIO ASTUDILLO was employed by Defendants as a furniture deliveryman, while performing other miscellaneous tasks, from in or around December 2012 until in or around December 2015.

50. Plaintiff JULIO ASTUDILLO worked approximately seventy-five (75) hours or more per week for Defendants from in or around December 2012 until in or around December 2015.

51. Plaintiff JULIO ASTUDILLO was paid by Defendants approximately $125.00 per day from in or around December 2012 until in or around December 2015.

52. Defendants failed to pay Plaintiff JULIO ASTUDILLO the legally prescribed minimum wage for his hours worked from in or around December 2012 until in or around December 2015, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

53. Although Plaintiff JULIO ASTUDILLO worked approximately seventy-five (75) or more per week during his employment for Defendants, Defendants did not pay

Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

54. Plaintiff LUIS ASTUDILLO was employed by Defendants from in or around December 2012 until in or around December 2015.

55. Plaintiff LUIS ASTUDILLO was employed by Defendants as a furniture deliveryman, while performing other miscellaneous tasks, from in or around December 2012 until in or around December 2015.

56. Plaintiff LUIS ASTUDILLO worked approximately seventy-five (75) hours or more per week for Defendants from in or around December 2012 until in or around December 2015.

57. Plaintiff LUIS ASTUDILLO was paid by Defendants approximately $100.00 per day from in or around December 2012 until in or around December 2015.

58. Defendants failed to pay Plaintiff LUIS ASTUDILLO the legally prescribed minimum wage for his hours worked from in or around December 2012 until in or around December 2015, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

59. Although Plaintiff LUIS ASTUDILLO worked approximately seventy-five (75) or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

60. Plaintiff ARIEL VELA was employed by Defendants from in or around October 2009 until in around July 2015.

61. Plaintiff ARIEL VELA was employed by Defendants as a furniture deliveryman, while performing other miscellaneous tasks, from in or around October 2009 until in around July 2015.

62. Plaintiff ARIEL VELA worked approximately seventy-five (75) hours or more per week for Defendants from in or around October 2009 until in around July 2015.

63. Plaintiff ARIEL VELA was paid by Defendants approximately $100.00 per day from in or around October 2009 until in around July 2015.

64. Defendants failed to pay Plaintiff ARIEL VELA the legally prescribed minimum wage for his hours worked from in or around October 2009 until in around July 2015,

a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

65. Although Plaintiff ARIEL VELA worked approximately seventy-five (75) or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

66. Defendants also improperly shifted expenses onto the Plaintiffs, Defendants required Plaintiffs to pay for gas for the vehicles used for deliveries. Plaintiffs paid approximately $250.00 per week out-of-pocket for gas.

67. Defendants also improperly shifted expenses onto the Plaintiffs by requiring Plaintiffs to pay for a bond on the vehicles used for deliveries. Plaintiffs paid approximately $3,000.00 out-of-pocket for the bond.

68. Defendants also improperly shifted expenses onto the Plaintiffs by requiring Plaintiffs to pay for uniforms to be worn while making deliveries. Plaintiffs paid approximately $600.00 out-of-pocket for uniform costs.

69. Defendants also improperly shifted expenses onto the Plaintiffs by requiring Plaintiffs to pay for insurance of the vehicles used to make deliveries. Plaintiffs paid approximately $300.00 per week out-of-pocket for insurance costs.

70. Defendants also improperly shifted expenses onto the Plaintiffs by requiring Plaintiffs to pay for parking of the vehicles used to make deliveries. Plaintiffs paid approximately $4,000.00 out-of-pocket for parking costs.

71. Defendants also improperly shifted expenses onto the Plaintiffs by requiring Plaintiffs to pay the cost for any furniture damaged during the course of deliveries. Plaintiffs paid approximately $2,000.00 out-of-pocket for damaged furniture.

72. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

73. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

74. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding

$100,000.  Plaintiffs also seek interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

75. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are:

76. Collective Class: All persons who are or have been employed by the Defendants as furniture deliverymen, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

77. Upon information and belief, Defendants employed over 100 employees within the past three years subjected to similar payment structures.

78. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

79. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work without proper minimum wage compensation.

80. Defendants' unlawful conduct has been widespread, repeated, and consistent.

81. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay and that Plaintiffs were paid below the applicable minimum wage.

82. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

83. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and/or proper minimum wage in violation of the

FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

84. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

85. The claims of Plaintiffs are typical of the claims of the putative class.

86. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

87. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## **FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS**

88. Plaintiffs sue on their own behalves and as the class representatives (hereinafter referred to as the "New York Class Representatives") and bring the Second and Fourth Causes of Action on their own behalves and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

> All furniture deliverymen who are currently or have been employed and/or jointly employed by the Defendants and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for hours over 40 each week and/or received an hourly rate below minimum wage at any time during the 6 years prior to the filing of the Complaint (hereinafter referred to as the "New York Class Period").

89. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than 100 members of the New York Class during the New York Class Period.

90. There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

 a. Whether Defendants unlawfully failed to pay overtime compensation in violation of and within the meaning of the NYLL;

 b. Whether the New York Class Representatives and New York Class are nonexempt from entitlement to overtime and minimum wage compensation for hours worked under the pay requirement of the NYLL;

 c. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representatives and the New York Class;

 d. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

 e. The proper measure of damages sustained by the New York Class Representative and the New York Class; and

 f. Whether Defendants should be enjoined from such violations in the future.

91. The New York Class Representatives will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

92. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

93. Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages and minimum wages. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

94. Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

95. Plaintiffs' claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages, non-payment of minimum wages, and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.

96. The New York Class Representatives intends to send notice to all members of the New York Class to the extent required by Rule 23.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

97. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

98. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

99. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

100. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

101. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

102. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

103.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

104.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

105.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

106.    Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

107.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

108.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

109.    Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

110.    At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

111.    At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

112.    Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

113.    Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

114.    Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

115.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

116.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

117.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

118.    At all times relevant to this action, Defendants were employers within the meaning of NYLL.

119.    Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

120.    Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

121.    Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable

attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

122.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

123.   Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

124.   Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

125.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

126.   Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

127.   Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### Unlawful Deductions from Wages under the New York Labor Law

128.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

129.   Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

130.   Defendants made unlawful deductions from the wages of the Plaintiffs and Proposed Class members without their written consent in violation of NYLL §193 by requiring Plaintiffs and other such similarly situated employees to pay for their own

vehicles, maintain them, purchase insurance, and pay for gas, insurance, bonds, uniforms, and parking costs out of pocket, among other things. This was an improper shift of business costs onto the Plaintiffs.

131.    Defendants' unlawful deductions from the wages of the Plaintiffs and Proposed Class Members were not made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency; were not for the benefit of the Plaintiffs or Proposed Class Members; were not for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, or similar payments for the benefit of the Plaintiffs or Proposed Class Members.

132.    All of the named Plaintiffs' and Proposed Class Members' compensation from Defendants, constitute wages within the meaning of the term "wages" in the NYLL §§190 et seq.

133.    The named Plaintiffs and Proposed Class Members are employees within the meaning of the term "employee" in the NYLL §§190 et seq.

134.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## **PRAYER FOR RELIEF**

**Wherefore,** Plaintiffs respectfully request that judgment be granted:

    a.  Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

    b.  Awarding Plaintiffs' unpaid overtime wages;

    c.  Awarding Plaintiffs' unpaid minimum wages;

    d.   Awarding Plaintiffs' reimbursement for unlawful expenses;

    e.   Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

    f.   Awarding Plaintiffs prejudgment and post-judgment interest;

    g.   Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

    h.   Awarding such and further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.


Dated: Forest Hills, New York
       This 13ᵗʰ day of September 2018.

By: _____
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JORGE ASTUDILLO, JULIO ASTUDILLO, LUIS ASTUDILLO, and ARIEL VELA, individually and on behalf of all others similarly situated,

                          Plaintiffs,

        -against-

JOSEPH CORY HOLDINGS LLC d/b/a CORY 1ST CHOICE HOME DELIVERY, JOSEPH CORY HOLDINGS, LLC OF NEW YORK d/b/a CORY 1ST CHOICE HOME DELIVERY, and BOB'S DISCOUNT FURNITURE, LLC and PATRICK CORY, as an individual,

                          Defendants.

---

### SUMMONS & COMPLAINT

---

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

---

**TO:**
**JOSEPH CORY HOLDINGS LLC d/b/a CORY 1ST CHOICE HOME DELIVERY**
**150 MEADOWLANDS PARKWAY**
**SECAUCUS, NEW JERSEY 07094**

**70 MARCUS AVENUE**
**MELVILLE, NEW YORK 11747**

**JOSEPH CORY HOLDINGS, LLC OF NEW YORK d/b/a CORY 1ST CHOICE HOME DELIVERY**
**150 MEADOWLANDS PARKWAY**
**SECAUCUS, NEW JERSEY 07094**

**70 MARCUS AVENUE**
**MELVILLE, NEW YORK 11747**

**BOB'S DISCOUNT FURNITURE, LLC**
**517 EAST 117TH STREET**
**BRONX, NEW YORK 10035**

**PATRICK CORY**
**150 MEADOWLANDS PARKWAY**
**SECAUCUS, NEW JERSEY 07094**

**70 MARCUS AVENUE**
**MELVILLE, NEW YORK 11747**