## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is entered into by and among Jorge Astudillo, Julio Astudillo, Luis Astudillo, and Ariel Vela (collectively the "Plaintiffs") on the one hand, and Joseph Cory Holdings LLC, d/b/a Cory 1st Choice Home Delivery and Joseph Cory Holdings, LLC of New York, d/b/a Cory 1st Choice Home Delivery (together "Joseph Cory Holdings"), Patrick Cory, and Bob's Discount Furniture, LLC (collectively the "Defendants"), on the other hand.

**WHEREAS**, Plaintiffs commenced an action against the Defendants in the United States District Court for the Eastern District of New York (the "Court"), bearing docket no. 18-cv-05262 (SJF)(GRB) (the "Action") by filing a Complaint on September 19, 2018 (the "Complaint") alleging violations of the Fair Labor Standards Act (the "FLSA") and New York Labor Law (the "NYLL");

**WHEREAS**, Defendants each filed an Answer to the Complaint on November 15, 2018, and deny Plaintiffs' allegations;

**WHEREAS**, Joseph Cory Holdings filed an Amended Answer and Third-Party Complaint against Jorge Astudillo, CN Delivery Corp. ("CN Delivery") and CN Moving Corp., d/b/a CN Moving ("CN Moving") on December 6, 2018 alleging breach of contract and indemnification;

**WHEREAS**, Jorge Astudillo, CN Delivery, and CN Moving filed an Answer on April 12, 2019 and deny Joseph Cory Holdings' allegations;

**WHEREAS**, on May 18, 2019, a mediation was held with mediator Raymond Nardo, Esq.;

**WHEREAS**, on July 9, 2019, a Settlement Conference was held with Magistrate Judge Gary R. Brown at which an agreement in principle was reached to settle the Action;

**WHEREAS**, after the Settlement Conference was complete, the Parties consented to the jurisdiction of Magistrate Judge Gary R. Brown;

1

**WHEREAS**, Plaintiffs, Defendants, CN Delivery, and CN Moving (hereinafter referred to as the "Parties") desire to resolve all disputes between them without the necessity of further litigation;

**WHEREAS**, this Agreement constitutes a reasonable compromise of Plaintiffs' claims, Defendants' defenses, Joseph Cory Holding's counterclaims, Joseph Cory Holding's third-party claims, Jorge Astudillo, CN Delivery, and CN Moving's defenses, and of the bona fide dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. In consideration of the payment to Plaintiffs of the gross sum of One Hundred Twenty Five Thousand Dollars and Zero Cents ($125,000.00) (the "Settlement Amount"), Jorge Astudillo, Julio Astudillo, Luis Astudillo, and Ariel Vela hereby each release and forever discharge Joseph Cory Holdings LLC, d/b/a Cory 1st Choice Home Delivery, Joseph Cory Holdings, LLC of New York, d/b/a Cory 1st Choice Home Delivery, J.B. Hunt Transport, Inc., Patrick Cory, Bob's Discount Furniture, LLC, and each of Defendants' current and former owners, managers, members, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, each of Defendants' heirs, executors, administrators, agents, successors, and assigns, as well as anyone employed by any of the Defendants, anyone deemed by Plaintiffs to be an "employer" during their alleged employment with any of the Defendants, and each of the Defendants' predecessors, successors, parent companies, holding companies, and subsidiaries (all said individuals and entities referenced above are, with Defendants, hereinafter collectively referred to jointly and severally as "Releasees"), from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back-wages,

benefits, attorneys' fees, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Plaintiffs, their heirs, executors, administrators, agents, successors, and assigns have, had, or hereafter can have against any of the Releasees from the beginning of time to the date of this Agreement for claims arising under the Fair Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages, including but not limited to, all claims set forth in the Action, all claims of unpaid compensation, unpaid minimum wage, unpaid overtime, unpaid commissions, unpaid bonuses, unpaid tips, improper deductions, unpaid spread of hours, unpaid fringe benefits (including any vacation, paid time off, and sick pay), unpaid accrued benefit time, liquidated damages, statutory penalties (including all alleged damages or penalties due to improper wage notices, improper wage statements, and/or timely payment provisions). This Release shall include, without limitation, any and all claims alleged by Plaintiffs in this Action, any and all wage and hour claims relating to services performed by Plaintiffs on the behalf of any of the Releasees, and any and all wage and hour claims relating to Plaintiffs' alleged employment with any of the Releasees.

2. (a) The Parties agree to execute a "Stipulation of Dismissal with Prejudice," in the form annexed hereto as **Exhibit A,** which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement within seven (7) days after the following conditions are met: (a) Defendants' counsels each receive a duly executed Agreement signed and notarized by Plaintiffs, CN Delivery Corp., and CN Moving Corp., d/b/a CN Moving; (b) counsel for Joseph Cory Holdings and Patrick Cory receives a completed IRS Form W-9 for Plaintiffs; (c) counsel for Joseph Cory Holdings and Patrick Cory receives a completed IRS Form W-9 for Plaintiffs' counsel; and (d) Defendants' counsel each receive a "Stipulation of Dismissal with Prejudice" signed by counsel for Plaintiffs, CN Delivery Corp., and CN Moving Corp., d/b/a CN Moving.

(b) Notwithstanding the Parties' filing of the "Stipulation of Dismissal with Prejudice" as referenced in Paragraph 2(a) of the Agreement, the Parties agree that this Court retains jurisdiction for the sole purpose of enforcing this Agreement, including but not limited to, the payment provisions set forth in Paragraph 3 of this Agreement.

3. The Parties agree that the Settlement Amount shall be paid as follows:

(a) Within thirty (30) days of the date the Court approves the settlement and "So Orders" the Stipulation of Dismissal with prejudice, Joseph Cory Holdings and Patrick Cory shall collectively pay the Settlement Amount by issuing:

  i. One (1) check payable to "Jorge Astudillo" in the total amount of Twenty Thousand Five Hundred Fifty Five Dollars and Fifty Cents ($20,555.50);

  ii. One (1) check payable to "Julio Astudillo" in the total amount of Twenty Thousand Five Hundred Fifty Five Dollars and Fifty Cents ($20,555.50);

  iii. One (1) check payable to "Luis Astudillo" in the total amount of Twenty Thousand Five Hundred Fifty Five Dollars and Fifty Cents ($20,555.50);

  iv. One (1) check payable to "Ariel Vela" in the total amount of Twenty Thousand Five Hundred Fifty Five Dollars and Fifty Cents ($20,555.50); and

  v. One (1) check payable to "Helen F. Dalton & Associates, P.C." in the total amount of Forty Two Thousand Seven Hundred Seventy Eight Dollars and Zero Cents ($42,778.00) representing payment for Plaintiffs' attorneys' fees and costs.

4. Joseph Cory Holdings and/or Patrick Cory may issue an IRS Form 1099-MISC to Plaintiffs and to Helen F. Dalton & Associates, P.C. for the Settlement Amount. Plaintiffs each agree to hold Defendants harmless, and indemnify Defendants from any payments Defendants may be required to make to any taxing authority, as a result of the payment of the Settlement Amount.

5. Jorge Astudillo, CN Delivery Corp. and CN Moving Corp., d/b/a CN Moving each agree that they shall no longer perform any services for Joseph Cory Holdings LLC, d/b/a Cory 1st Choice Home Delivery, Joseph Cory Holdings, LLC of New York, d/b/a Cory 1st Choice Home Delivery, and J.B. Hunt Transport, Inc. and that effective as of the date this Agreement is fully executed, any Transportation Services Agreements and/or other independent contractor agreements entered into by Jorge Astudillo, CN Delivery Corp., and/or CN Moving Corp., d/b/a CN Moving with Joseph Cory Holdings LLC, d/b/a Cory 1st Choice Home Delivery, Joseph Cory Holdings, LLC of New York, d/b/a Cory 1st Choice Home Delivery, and/or J.B. Hunt Transport, Inc. are hereby terminated. In consideration for the termination of such independent contractor relationships as described in this Paragraph 5, Joseph Cory Holdings LLC, d/b/a Cory 1st Choice Home Delivery, and Joseph Cory Holdings, LLC of New York, d/b/a Cory 1st Choice Home Delivery hereby each release and forever discharge Jorge Astudillo, CN Delivery Corp., and CN Moving Corp., d/b/a CN Moving from any and all counterclaims and/or third-party claims alleged by Joseph Cory Holdings in its Third-Party Complaint.

6. Plaintiffs promise and represent that they will withdraw, with prejudice, any and all outstanding lawsuits, demands, actions, complaints, and/or claims of alleged violations of the Fair Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages (together "Wage and Hour Violations") concerning Plaintiffs' alleged employment with any of the Releasees, filed with any federal, state and local agencies/administrative body or any judicial forum against any of the Releasees. Plaintiffs further

agree that they will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against any of the Releasees relating to any alleged Wage and Hour Violations that took place at any time, from the beginning of time until the date of this Agreement, as they acknowledge no valid basis for filing such a claim. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn due to circumstances beyond the control of Plaintiffs, Plaintiffs promise and represent that they will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceeding connected with or resulting from any such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiffs will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. Nothing herein shall prevent Plaintiffs from filing a charge of discrimination with, or cooperating with an investigation by the EEOC.

7. Plaintiffs and Defendants each acknowledge that they have received sufficient consideration as set forth in this Agreement. Plaintiffs and Defendants expressly acknowledge that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

8. Plaintiffs acknowledge that aside from the payments set forth in Paragraph 3 of this Agreement, they are owed no further remuneration or accrued benefit time by Releasees whatsoever, including, but not limited to any wages, commissions, spread of hours pay, tips, overtime pay, vacation or sick pay, accrued benefits, or bonuses.

9. Plaintiffs each agree that they shall not make any: (a) statement, written, oral or electronic, which in any way disparages any Releasee, any employee such Plaintiff knows to be employed by any Releasee, any Releasee's workplace, or any Releasee's business practices; or (b) negative statement, written, oral or electronic, about any Releasee, any employee such Plaintiff knows to be employed by any Releasee, any Releasee's workplace, or any Releasee's business practices. Plaintiffs each further agree to take no action which is intended, or would reasonably be expected, to harm any Releasee, or their reputation or which would reasonably be expected to lead to unwanted or unfavorable publicity to any Releasee. In addition, Patrick Cory and Dean Lotufo agree that they shall not make any: (a) statement, written oral or electronic, which in any way disparages Plaintiffs; or (b) negative statement, written, oral or electronic about Plaintiffs. Patrick Cory and Dean Lotufo also agree to take no action which is intended, or would reasonably be expected, to harm Plaintiffs, or Plaintiffs' reputation or which would reasonably be expected to lead to unwanted or unfavorable publicity to Plaintiffs. Notwithstanding the provisions of this Paragraph 9, Plaintiffs, Patrick Cory, and Dean Lotufo shall each be entitled to provide truthful statements about their experience litigating this Action, about Plaintiffs' claims in this Action, about Joseph Cory Holdings' counterclaims and third-party claims in this Action; and about the resolution of this Action.

10. The Parties agree that, if any Party breaches this Agreement, the prevailing party as determined by a Court of competent jurisdiction will be entitled to all remedies available at law from the breaching party, as well as reasonable attorney's fees and costs.

11. Plaintiffs each affirm that they are not Medicare or Medicaid Beneficiaries (defined as any claimant for whom Medicare has paid Conditional Payments for the treatment of injuries arising out of or related to any matter released by this Agreement) as of the date of this Agreement

and no conditional payment has been made to or on any of the Plaintiffs' behalf by Medicare or Medicaid.

12. Plaintiffs each further represent that they are not enrolled in a Medicare or Medicaid program and were not enrolled at the time of their respective alleged employment with Releasees or anytime thereafter through the date of this Agreement. Plaintiffs further represent and warrant that no Medicaid or Medicare payments have been made to or on behalf of Plaintiffs and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from Plaintiffs' alleged employment with Releasees. Plaintiffs further agree that they, and not Releasees, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted. In the event any action is commenced whereby any Releasee is pursued for payment in connection with the position of any of the Plaintiffs as Medicare or Medicaid beneficiaries, Plaintiffs agree to indemnify Releasees and hold Releasees harmless in full.

13. The Parties acknowledge that this Agreement does not constitute an admission by any of the Releasees of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by any of the Releasees that Plaintiffs' claims have merit. Likewise the Parties acknowledge that this Agreement does not constitute an admission by Jorge Astudillo, CN Delivery, and/or CN Moving of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by Jorge Astudillo, CN Delivery, and/or CN Moving that Joseph Cory Holdings' counterclaims and/or third-party claims have merit.

14. This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

15. Plaintiffs each acknowledge that they have not divested, hypothecated, or otherwise bargained away any interest they possess in their purported claims. Plaintiffs acknowledge and represent that they know of no other person or entity that holds a remunerative interest in any plausible legal claims they could assert, and Plaintiffs each acknowledge and represent that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiffs.

16. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

17. This Agreement contains all the terms and conditions agreed upon by the Parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

18. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect.

19. This Agreement may only be modified, altered or changed in writing, signed by the Parties.

20. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The Parties agree any Court of competent jurisdiction within the State of New York will have jurisdiction over this Agreement.

21. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which

shall together constitute one and the same instrument. In addition, any scanned copies or facsimiled copies of this Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to: counsel for Joseph Cory Holdings and Patrick Cory, Michael Kaufman, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, (516) 681-1100, facsimile (516) 681-1101, mkaufman@kdvlaw.com; counsel for Bob's Discount Furniture, LLC, Duvol Thompson, Esq., Holland & Knight LLP, 31 West 52nd Street, 12th Floor, New York, NY 10019, (212) 513-3200, facsimile (212) 385-9010, duvol.thompson@hklaw.com, and counsel for Plaintiffs, CN Delivery, and CN Moving, James O'Donnell, Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415, (718) 263-9591, facsimile (718) 263-9598, jamespodonnell86@gmail.com.

**IN WITNESS WHEREOF**, the Parties have duly executed this Settlement and Release Agreement freely and voluntarily.

_____
JORGE ASTUDILLO

STATE OF NEW YORK        )
                        ) s.s.
COUNTY OF Queens        )

On October 28, 2019, before me personally came JORGE ASTUDILLO, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 2023

10

_____
JULIO ASTUDILLO

STATE OF NEW YORK        )
                         ) s.s.
COUNTY OF  Queens        )

On  October 28 , 2019, before me personally came JULIO ASTUDILLO, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC
Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 2023

_____
LUIS ASTUDILLO

STATE OF NEW YORK        )
                         ) s.s.
COUNTY OF  Queens        )

On  October 28 , 2019, before me personally came LUIS ASTUDILLO, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC
Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 2023

_____
ARIEL VELA

STATE OF NEW YORK        )
                         ) s.s.
COUNTY OF  Queens        )

On  October 28 , 2019, before me personally came ARIEL VELA, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC
Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 2023

_____
CN DELIVERY CORP.
By: Jorge Astudillo
Title: Owner / President

STATE OF NEW YORK        )
                         ) s.s.
COUNTY OF Queens         )

On Oct 29, 2019, before me personally came Jorge Astudillo who acknowledged himself/herself to be an owner/president of CN Delivery Corp., and that he/she, as such, being authorized so to do, executed the foregoing Settlement and Release Agreement for the purposes therein contained, by signing his/her name for CN Delivery Corp.

_____
NOTARY PUBLIC
Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 2023

_____
CN MOVING CORP., d/b/a CN MOVING
By: Jorge Astudillo
Title: Owner / President

STATE OF NEW YORK        )
                         ) s.s.
COUNTY OF Queens         )

On Oct 29, 2019, before me personally came Jorge Astudillo who acknowledged himself/herself to be an owner/president of CN Moving Corp., d/b/a CN Moving, and that he/she, as such, being authorized so to do, executed the foregoing Settlement and Release Agreement for the purposes therein contained, by signing his/her name for CN Moving Corp., d/b/a CN Moving.

_____
NOTARY PUBLIC
Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 2023

12

                                _[signature]_
                                JOSEPH CORY HOLDINGS LLC, d/b/a CORY 1st
                                CHOICE HOME DELIVERY
                                By: MARIN DRAGOJEVIC
                                Title: MANAGING PARTNER

STATE OF ~~NEW YORK~~ NEW JERSEY    )
                                       ) s.s.
COUNTY OF Ocean               )

        On November 29, 2019, before me personally came Marin Dragojevic who acknowledged himself/herself to be a Managing Partner of Joseph Cory Holdings LLC, d/b/a Cory 1st Choice Home Delivery, and that he/she, as such, being authorized so to do, executed the foregoing Settlement and Release Agreement for the purposes therein contained, by signing his/her name for Joseph Cory Holdings LLC, d/b/a Cory 1st Choice Home Delivery.

_[signature]_
NOTARY PUBLIC

JoAnne E Staltari-Wiley
Notary Public of New Jersey
My Commission Expires
December 12, 2022

                                _[signature]_
                                JOSEPH CORY HOLDINGS, LLC OF NEW YORK,
                                d/b/a CORY 1st CHOICE HOME DELIVERY
                                By: MARIN DRAGOJEVIC
                                Title: PRESIDENT

STATE OF ~~NEW YORK~~ New Jersey    )
                                       ) s.s.
COUNTY OF Ocean               )

        On November 29, 2019, before me personally came Marin Dragojevic who acknowledged himself/herself to be a President of Joseph Cory Holdings, LLC of New York, d/b/a Cory 1st Choice Home Delivery, and that he/she, as such, being authorized so to do, executed the foregoing Settlement and Release Agreement for the purposes therein contained, by signing his/her name for Joseph Cory Holdings, LLC of New York, d/b/a Cory 1st Choice Home Delivery.

_[signature]_
NOTARY PUBLIC

JoAnne E Staltari-Wiley
Notary Public of New Jersey
My Commission Expires
December 12, 2022

_____
PATRICK CORY

STATE OF ~~NEW YORK~~ NEW JERSEY )
                                 ) s.s.
COUNTY OF Ocean                  )

On November 29, 2019, before me personally came PATRICK CORY, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

JoAnne E Staltari-Wiley
Notary Public of New Jersey
My Commission Expires
December 12, 2022

_____
BOB'S DISCOUNT FURNITURE, LLC
By: Dean Lotufo
Title: VP Finance

STATE OF CONNECTICUT )
                     ) s.s.
COUNTY OF HARTFORD   )

On October 29, 2019, before me personally came Dean Lotufo who acknowledged himself/herself to be a VP Finance of Bob's Discount Furniture, LLC, and that he/she, as such, being authorized so to do, executed the foregoing Settlement and Release Agreement for the purposes therein contained, by signing his/her name for Bob's Discount Furniture, LLC.

_____
NOTARY PUBLIC
Commission Expires: 12/31/22

14

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JORGE ASTUDILLO, JULIO ASTUDILLO, LUIS ASTUDILLO, and ARIEL VELA, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

JOSEPH CORY HOLDINGS LLC d/b/a CORY 1ST CHOICE HOME DELIVERY, JOSEPH CORY HOLDINGS, LLC OF NEW YORK d/b/a CORY 1ST CHOICE HOME DELIVERY, and BOB'S DISCOUNT FURNITURE, LLC and PATRICK CORY, as an individual,

Defendants.
------------------------------------------------------------X
JOSEPH CORY HOLDINGS LLC d/b/a CORY 1ST CHOICE HOME DELIVERY, and JOSEPH CORY HOLDINGS LLC OF NEW YORK, d/b/a CORY 1ST CHOICE HOME DELIVERY,

Third-Party Plaintiffs/Counter-Plaintiffs,

-against-

CN DELIVERY CORP., CN MOVING CORP., d/b/a CN MOVING, and JORGE ASTUDILLO,

Third-Party Defendants/Counter-Defendant,
------------------------------------------------------------X

Case No.:
18-cv-05262 (GRB)

**STIPULATION OF DISMISSAL**

**IT IS HEREBY STIPULATED AND AGREED**, by and between Jorge Astudillo, Julio Astudillo, Luis Astudillo, Ariel Vela, CN Delivery Corp., and CN Moving Corp., d/b/a CN Moving on the one hand, and Joseph Cory Holdings LLC, d/b/a Cory 1st Choice Home Delivery, Joseph Cory Holdings, LLC of New York (collectively "Joseph Cory Holdings"), Patrick Cory, and Bob's

16

Discount Furniture, LLC, on the other hand, through their respective undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Class Action/Collective Action Complaint in the above-captioned action, all claims alleged therein, Third-Party Complaint in the above-captioned action, and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs.

Plaintiffs are precluded from bringing any further claims against Joseph Cory Holdings, Patrick Cory, and Bob's Discount Furniture, LLC under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid wages, including minimum wages and overtime pay for the period set forth in Plaintiffs' Class Action/Collective Action Complaint.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

Dated: 10/28, 2019

HELEN F. DALTON & ASSOCIATES, P.C.

By: _____
James O'Donnell, Esq.
Roman Avshalumov, Esq.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
(718) 263-9591
jamespodonnell86@gmail.com
avshalumovr@yahoo.com
*Attorneys for Plaintiffs, CN Delivery Corp., and CN Moving Corp., d/b/a CN Moving*

Dated: December 6, 2019

KAUFMAN DOLOWICH & VOLUCK, LLP

By: _____
Michael Kaufman, Esq.
Matthew Cohen, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100
mkaufman@kdvlaw.com
mcohen@kdvlaw.com
*Attorneys for Joseph Cory Holdings and Patrick Cory*

Dated: November 1, 2019

HOLLAND & KNIGHT LLP

By: _____
Duvol Thompson, Esq.
31 West 52nd Street, 12th Floor
New York, New York 10019
(212) 513-3200
duvol.thompson@hklaw.com
*Attorneys for Bob's Discount Furniture, LLC*

**SO ORDERED:**

_____
Hon. Gary R. Brown, U.S.M.J.

18